**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00014-GMN-CWH-1 |
| vs. ) | |
| ) | **ORDER** |
| RONALD HARRIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Report and Recommendation, (ECF No. 17), entered by Magistrate Judge Carl W. Hoffman on June 30, 2016, denying Defendant Ronald Harris's ("Defendant") Motion to Suppress, (ECF No. 12).  Defendant timely filed his Objection, (ECF No. 27), to which the Government filed a Response, (ECF No. 29).

## I. <u>BACKGROUND</u>

On January 19, 2016, an Indictment was entered charging Defendant with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(b). (*See* Indictment, ECF No. 1).  The Indictment issued following the arrest of Defendant by the Las Vegas Metropolitan Police Department ("LVMPD"). (*See* R. & R. 1:18–21, ECF No. 17). As Judge Hoffman describes, on December 8, 2015, LVMPD Sergeant Victor Sabino ("Sergeant Sabino") conducted a records check on the license plate of a vehicle driving near him, which revealed that the vehicle's plates were suspended as of July 7, 2015. (*Id.* 1:23–28). The records check also showed that the vehicle's registered owner, Defendant, was on federal probation and had prior drug trafficking and firearm-related felony convictions. (*Id.* 1:28–2:1). Sergeant Sabino called for back-up and initiated a stop, during which Sergeant Sabino confirmed that the vehicle's driver was Defendant. (*Id.* 2:2–3).

Within approximately five minutes of the initial stop, LVMPD Officers Samuel Solorio ("Officer Solorio"), Michelle Funes ("Officer Funes"), and Hamilton ("Officer Hamilton") arrived at the scene. (Hr'g Tr. 42:20–43:2, 72:6–12, ECF No. 19).  Shortly after their arrival, Officers Solorio and Funes approached Defendant's vehicle and detected the smell of marijuana coming from the car. (*Id.* 46:20–23, 73:5–14).  The officers asked Defendant and his passenger to step out of the car, and a K-9 unit was dispatched to the scene. (R. & R. 2:10–13). Officer Dukes and a drug-sniffing dog arrived within approximately fifty-minutes of the initial stop. (Hr'g Tr. 55:9–10).

As Officer Dukes approached, he also smelled marijuana coming from the vehicle and determined that there was already probable cause to search the car without use of the dog. (*Id.* 55:14–56:6).  Officer Dukes then searched the vehicle and discovered a backpack in the trunk that contained cash and a plastic bag, within which were smaller bags containing what appeared to be marijuana. (*Id.* 49:15–24).  Defendant was then transported to Clark County Detention Center, where Officer Solorio gave Defendant the following *Miranda* warning:

> "You have the right to remain silent.  Anything you say can be used against you in a court of law.  You have the right to the presence of an attorney during questioning.  If you cannot afford an attorney, one will be appointed before questioning.  Do you understand these rights?"

(*Id.* 50:15–52:3).  Defendant did not request counsel. (*Id.* 53:13–15).

In his Motion to Suppress, Defendant seeks to suppress "the drugs, money, and statements" from December 8, 2015. (Mot. to Suppress 4:25–26, ECF No. 12).  Specifically, Defendant argues that "[LVMPD's] prolonged traffic stop and ultimate search of the car's trunk were unsupported by reasonable suspicion and probable cause . . . and therefore violated [Defendant's] Fourth Amendment rights." (*Id.* 4:18–20).  Further, Defendant argues that "the standard [LVMPD] *Miranda* warnings read to [Defendant] are legally defective for failing to inform of the right to consult with counsel before questioning and have that counsel present

during questioning." (*Id.* 4:23–25).  After an evidentiary hearing, Judge Hoffman rejected both of these arguments and recommended denial of the Motion. (R. & R. 8:20–21, ECF No. 17).

## II.   <u>LEGAL STANDARD</u>

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

## III.   <u>DISCUSSION</u>

In his Objection to Judge Hoffman's Report and Recommendation denying his Motion to Suppress, Defendant reasserts both arguments before Judge Hoffman. (Obj., ECF No. 27). First, Defendant asserts that "[LVMPD's] prolonged traffic stop and ultimate search of the car's trunk were unsupported by reasonable suspicion and probable cause . . . and therefore violated [Defendant's] Fourth Amendment rights." (*Id.* 8:11–13).  Second, Defendant argues that "the standard Metro *Miranda* warnings read to [Defendant] are legally defective for failing to inform of the right to consult with counsel before questioning and have that counsel present during questioning." (*Id.* 8:13–15).  Neither of these objections, however, present new or rebuttal legal arguments, but rather request that this Court reject Judge Hoffman's determinations.

Having reviewed the record in this case, the Court agrees with the analysis and findings of Judge Hoffman in his Report and Recommendation, (ECF No. 17), denying the Motion to Suppress and incorporates them by reference in this Order.  First, the Court finds that the Report and Recommendation correctly determined that the police had probable cause to search Defendant's car and that the search was reasonable. (*See* R. & R. 3:3–5:14).  Defendant argues

that because "Sergeant Sabino testified he did not smell marijuana when he went up to the car makes Officers Solorio and Funes [sic] testimony that they immediately smelled marijuana upon their approach just minutes later not credible." (*Id.* 16:19–21).  However, the Court finds that Sergeant Sabino's testimony that he did not smell marijuana does not undermine the testimony of both Officers Solorio and Funes that they did smell marijuana in Defendant's car before Officer Dukes initiated a search. (Hr'g Tr. 46:22–23, 73:5–7).  Further, the strong odor of marijuana in a vehicle gives police probable cause to search the vehicle for evidence of contraband. *See United States v. Waters*, No. 2:15-cr-80 JCM (VCF), 2016 WL 310738, at *6 (D. Nev. Jan. 26, 2016).  Accordingly, although Sergeant Sabino did not smell marijuana when he approached Defendant's car, the essential facts demonstrate that the officers had probable cause to search Defendant's car.

Defendant also argues that "[t]he almost hour-long prolonged detention of [Defendant] in the absence of reasonable suspicion was unreasonable and violated [Defendant's] Fourth Amendment rights." (Obj. 15:17–19).  As Judge Hoffman pointed out, "the officers also knew Defendant was on probation for convictions related to drug-trafficking, which would preclude him from legally possessing marijuana under Nevada law." (R. & R. 4:22–24).  This knowledge coupled with the odor of marijuana from Defendant's car justifies the prolonged detention between the time the officers first detected the smell of marijuana and the beginning of the search.  Defendant cites no authority to the contrary.  The search of Defendant's car and resulting discovery of the backpack and its contents is therefore valid and will not be suppressed.

Turning to Defendant's second objection regarding LVMPD's *Miranda* warning, the Court has previously rejected identical arguments related to the same warning. *See United States v. Dailey*, No. 2:15-cr-226-GMN-PAL, 2016 WL 4515924, at *1 (D. Nev. Aug. 27, 2016).  In *Daily*, the Court explained that although the *Miranda* warning at issue "did not

explicitly state that Defendant had a right to consult with an attorney *before* questioning, a reasonable suspect would have understood that right after hearing all of the *Miranda* warnings." *Id.* at *3. Likewise, the Court concludes in this case that Defendant was properly informed of his *Miranda* rights prior to his interrogation.

Accordingly, the Court adopts the Report and Recommendation, (ECF No. 17), and denies Defendant's Motion to Suppress, (ECF No. 12).

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 17), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress, (ECF No. 12), is **DENIED**.

**DATED** this ___14___ day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court