1  DAYLE ELIESON
   United States Attorney
2  District of Nevada
   ROBERT A. KNIEF
3  Assistant United States Attorney
   501 Las Vegas Boulevard South, Suite 1100
4  Las Vegas, Nevada 89101
   Tel.: (702) 388-6503
5  *Attorneys for the Plaintiff, United States*

6  LAW OFFICE OF TELIA U. WILLIAMS
   Telia U. Williams, Esq.
7  10161 Park Run Drive, Suite 150
   Las Vegas, Nevada 89145
8  Tel.: (702) 835-6866
   telia@telialaw.com
9  *Attorney for the Defendant,
   Ronald Harris*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD HARRIS,<br><br>Defendant. | Case No. 2:09-cr-00223<br><br>and Case No. 2:16-cr-00014<br><br>**STIPULATION AND ORDER TO CONTINUE REVOCATION HEARING AND SENTENCING HEARING** |

IT IS HEREBY STIPULATED AND AGREED by and between Telia U. Williams, Esq., counsel for the defendant, Ronald Harris, and Robert A. Knief, Assistant United States Attorney, that the hearing to determine whether to revoke Mr. Harris' supervised release (in Case No. 2:09-cr-00223), which was scheduled for Thursday, September 13, 2018 at 11:00am, *and* the hearing to sentence Mr. Harris (in Case 2:16-cr-00014), scheduled to take place on the same date, <u>be continued to some future date at least 60 days from the aforementioned date(s)</u>.

This Stipulation is entered into for the following reasons:

   1. Counsel for Mr. Harris previously contacted a mental health professional (an

expert licensed psychiatrist) to evaluate Mr. Harris, who required additional time in which to evaluate him, and to prepare a report.

2. However, the psychiatrist that defendant's counsel selected for Mr. Harris sent an invoice for $650.00 an hour, in order to see and evaluate Mr. Harris in custody, and required that payment be made in advance before evaluation.

3. Defense counsel submitted a CJA eVoucher for payment to the doctor, and awaited payment so that a visit could be scheduled for Mr. Harris, and thereafter, to incorporate any relevant findings and/or any written evaluation of the doctor into a sentencing memorandum.

4. Unfortunately, the eVoucher request was return unpaid to counsel, due to the relatively exorbitant cost for the professional. However, the Administrator encouraged counsel to re-submit the request for payment with more documentation of the professional's expertise, the lack of other suitable options for a similarly expert professional, and counsel's efforts in negotiating down to the requested hourly rate of $650.00 (which is less than the doctor's normal rate), with the expectation that the request for payment may still be approved.

5. Defendant's counsel, with the assistance of her paralegal, underwent the process of providing this information, including further documentation, and updated the request for funds through the eVoucher program. At this point, defense counsel has not yet received a response from the program about whether payment has been approved, or if she must try to research and locate another professional.

6. However, it is anticipated that the request for payment will be approved, and Mr. Harris will be permitted to see the psychiatrist of his choice at the detention center where he is currently awaiting sentence.

7. The time and effort to have Mr. Harris seen by a competent and expert psychiatrist before sentencing is worthwhile, inasmuch as he has indicated to his counsel that he suffers significant emotional and mental health issues that may have played a role in his commission of the crimes, and which possibly could factor in mitigation

at his sentencing.

8. The defendant is in custody, but has no objection to the continuance.

9. Additionally, counsel for the United States has no objection to this continuance.

10. Denial of this request for continuance could result in a miscarriage of justice.

11. For all the above-stated reasons, the ends of justice would best be served by a continuance of the sentencing and disposition until a date and time convenient to the court.

12. This is the fifth request for a continuance.

DATED: August 31, 2018

| LAW OFFICE OF TELIA U. WILLIAMS | UNITED STATES ATTORNEY |
|---|---|
| By: */s/ Telia U. Williams* | By: */s/ Robert A. Knief* |
| Telia U. Williams, Esq.<br>10161 Park Run Drive, Suite 150<br>Las Vegas, Nevada 89145<br>Tel.: (702) 835-6866<br>telia@telialaw.com | Dayle Elieson, Esq.<br>Robert A. Knief, Esq.<br>Assistant United States Attorney<br>501 Las Vegas Boulevard South, Suite 1100<br>Las Vegas, Nevada 89106<br>Tel.: (702) 697-7525 |
| *Attorney for Defendant,*<br>*Ronald Harris* | *Attorneys for Plaintiff* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD HARRIS,<br><br>Defendant. | Case No. 2:09-cr-00223<br><br>and Case No. 2:16-cr-00014<br><br>**ORDER** |

## FINDINGS OF FACT

Based on the Stipulation of counsel, and good cause appearing therefore, the court finds that the Stipulation by and between the United States and Ronald Harris to continue the revocation hearing in this case is entered into in good faith, and finds that:

1. Counsel for Mr. Harris previously contacted a mental health professional (an expert licensed psychiatrist) to evaluate Mr. Harris, who required additional time in which to evaluate him, and to prepare a report.
2. However, the psychiatrist that defendant's counsel selected for Mr. Harris sent an invoice for $650.00 an hour in order to see and evaluate Mr. Harris in custody, and required that payment be made in advance before evaluation.
3. Defense counsel submitted a CJA eVoucher for payment to the doctor, and awaited payment so that a visit could be scheduled for Mr. Harris, and thereafter, to incorporate any relevant findings and/or any written evaluation of the doctor into a sentencing memorandum.
4. Unfortunately, the eVoucher request was return unpaid to counsel, due to the relatively exorbitant cost for the professional. However, the Administrator encouraged counsel to re-submit the request for payment with more documentation

of the professional's expertise, the lack of other suitable options for a similarly expert professional, and counsel's efforts in negotiating down to the requested hourly rate of $650.00 (which is less than the doctor's normal rate), with the expectation that the request for payment may still be approved.

5. Defendant's counsel, with the assistance of her paralegal, underwent the process of providing this information, including further documentation, and updated the request for funds through the eVoucher program. At this point, defense counsel has not yet received a response from the program about whether payment has been approved, or if she must try to research and locate another professional.

6. However, it is anticipated that the request for payment will be approved, and Mr. Harris will be permitted to see the psychiatrist of his choice at the detention center where he is currently awaiting sentence.

7. The time and effort to have Mr. Harris seen by a competent and expert psychiatrist before sentencing is worthwhile, inasmuch as he has indicated to his counsel that he suffers significant emotional and mental health issues that may have played a role in his commission of the crimes, and which possibly could factor in mitigation at his sentencing.

8. The defendant is in custody, but has no objection to the continuance.

9. Counsel for the United States has no objection to this continuance.

10. Denial of this request for continuance could result in a miscarriage of justice.

11. For all the above-stated reasons, the ends of justice would best be served by a continuance of the hearing until a date and time convenient to the court.

12. The parties request the hearings be <u>continued to some future date at least 60 days from present date of hearing.</u>

13. This is the fifth request for a continuance.

**CONCLUSIONS OF LAW**

Denial of this request for continuance would deny the defendant herein the opportunity to obtain support of his defense at his revocation hearing, and serve in mitigation at his sentencing hearing.

Thus, denial of this request for continuance could result in a miscarriage of justice.

**ORDER**

IT IS HEREBY ORDERED that the Revocation Hearing and Sentencing Hearing that was scheduled for September 13, 2018, 11:00 am, be continued to the 15th day of November, 2018, at 10:00 a.m. in Courtroom 7D before Chief Judge Gloria M. Navarro.

DATED this  11  day of September, 2018.

_____
UNITED STATES DISTRICT JUDGE